# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Risa Dean,**
**Defendant Below, Petitioner**

**vs)   No. 12-0929** (Kanawha County 12-C-404)

**Michael Gates,**
**Plaintiff Below, Respondent**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Risa Dean, appearing *pro se*, appeals an order of the Circuit Court of Kanawha County entered May 18, 2012, denying her motion to reconsider its final order dated April 23, 2012, that awarded respondent judgment in the amount of $4,735 for items he asserted he paid for on her behalf. Respondent Michael Gates, did not file a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent were in a romantic relationship that subsequently ended. On March 5, 2012, respondent filed a complaint in circuit court against petitioner claiming property damages in the amount of $15,592.39 for missing appliances and because she "[de]frauded" him. Petitioner was served with respondent's complaint on March 6, 2012.

---

[1] On December 5, 2012, this Court entered an amended scheduling order that noted that respondent failed to file a response by the previous deadline of November 23, 2012. This Court directed respondent to file a response within twenty days of the date of the order. Respondent still failed to file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, as set forth below, petitioner's brief and a review of the record have failed to convince the Court that reversal is appropriate. Accordingly, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. *See*, *e.g.*, Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

1

The case came on for a bench trial on April 23, 2012.[2] According to the transcript, respondent indicated that petitioner was notified of the hearing through certified mail. The certified mail receipt was admitted as Exhibit A, and the circuit court determined that it appeared to include petitioner's signature. Respondent indicated that he did not know why petitioner failed to appear. According to the docket sheet, the order setting the April 23, 2012 hearing was mailed to both parties on March 30, 2012.[3] In the final order, the circuit court found that proper notice was "given to [petitioner]."

After taking respondent's sworn testimony and admitting certain utility bills and other documents as exhibits, the circuit court entered judgment in respondent's favor in the total amount of $4,735 as noted below:

- Attorney/detective fees    $2,585

- Utility bills    $ 800

- Washer and dryer    $1,300

- Clothing    $ 50

    TOTAL    $4,735

On May 17, 2012, petitioner filed motion for reconsideration seeking to overturn the judgment "due to me not having the ability to defend myself." Petitioner stated that she did not appear for the April 23, 2012 hearing because "I was unable to leave work due to patient needs."[4] Also in her motion, petitioner disputed respondent's claim that she owed him for "appliences [sic], attorney fees, clothes, utilities" because "[a]ll of the items . . . were gifts." Petitioner explained that she and respondent "gave each other gifts during our relationship and both payed [sic] bills at different times."

In its May 18, 2012 order denying petitioner's motion, the circuit court noted both petitioner's argument that the items in dispute were gifts given during the parties' relationship and that petitioner failed to appear for the hearing. The circuit court concluded that "[petitioner] has not shown cause to vacate the Final Order." Petitioner now appeals the circuit court's May 18, 2012 order.

---

[2] The circuit court scheduled a hearing for April 23, 2012, after respondent filed a motion for default. However, the circuit court conducted the April 23, 2012 hearing as if it were a bench trial.

[3] The address respondent listed as that of petitioner on the case information sheet is the same address petitioner listed for herself in her notice of appeal to this Court.

[4] On appeal, petitioner elaborates that she was in the middle of "a life[-]saving procedure" in the cardiac catheterization lab. Petitioner does not specifically state what type of job she does.

We apply the following standard in reviewing a judgment entered following a bench trial:[5]

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner disputes the circuit court's finding that she had notice of the April 23, 2012 hearing. Petitioner asserts that her signature on the certified mail receipt that was admitted as Exhibit A was forged. However, petitioner offers no proof of this allegation. Exhibit A is in the record on appeal and is addressed to petitioner at the same address petitioner listed for herself in her notice of appeal. Next to the signature line, there is a box that is checked indicating that the signature belongs to the addressee. After careful consideration, this Court concludes that the circuit court did not clearly err in finding that proper notice of the hearing was "given to [petitioner]."

Petitioner also asserts that she was unable to leave work to attend the April 23, 2012 hearing.[6] Simply choosing to honor another obligation over appearing in court does not entitle a litigant to a reversal. The docket sheet reflects that petitioner did not file a motion for a continuance, nor does she allege that she tried to file such a motion. If petitioner discovered that work commitments would prevent her from attending the hearing, she could have notified the circuit court that she would be unable to appear. *See*, *e.g.*, *Kailie v. Barlow*, No. 101284, 2011 WL 8183121 (W.Va. Supreme Court, November 10, 2011) (memorandum decision) (*Pro se* litigant failed to appear for a bench trial, but notified the court within thirty minutes that he was caught in traffic). After careful consideration, this Court concludes that the circuit court properly proceeded with the April 23, 2012 hearing.

On the merits, petitioner indicates that the judgment awarded to respondent "severely deviated" from what respondent claimed in his complaint. The circuit court awarded respondent less than one-third of the amount he claimed. It would appear that the circuit court treated petitioner equitably given that it was respondent who appeared and testified under oath. The

---

[5] While petitioner appeals the denial of the motion for reconsideration, we construe the appeal as challenging the underlying judgment since the appeal was timely filed as to both of the circuit court's orders.

[6] Petitioner's assertion here undermines her allegation that she did not have notice of the April 23, 2012 hearing.

hearing transcript reflects that the circuit court, sitting as the trier of fact, allowed and disallowed various claims based on whether respondent presented satisfactory proof through his own sworn testimony and/or the documentation he provided. *See* Rule 52(a), W.V.R.C.P. (When a court sits without a jury, "[f]indings of fact, *whether based on oral or documentary evidence*, shall not be set aside unless clearly erroneous.") (emphasis added). After careful consideration, this Court concludes that the circuit court did not abuse its discretion in awarding judgment in the total amount of $4,735 based on those claims that the court found that respondent satisfactorily proved.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II